JOHN F. McCARTHY and another *vs.* JENNIE CALDWELL and Husband, impleaded, etc.

June 9, 1890.

**Mechanic's Lien—Authority of Husband to Charge Wife's Property —Evidence.**—A husband having contracted to have the plumbing done in a house being constructed by his wife, and owned by her, and the issue being as to whether he acted by her authority, so that her property might be charged with a lien, it was error to exclude proof that the wife saw and conversed about the plumbing while it was being done; the statute making her knowledge and consent evidence of her authority.

Action to enforce a mechanic's lien for $410 and interest. Plaintiffs appeal from an order of the district court for Hennepin county, refusing a new trial after a trial by *Hicks*, J., and a dismissal ordered at the close of plaintiffs' case.

*Welch, Botkin & Welch,* for appellants.

*Davenport & Thian,* for respondents.

DICKINSON, J. Action to enforce a mechanic's lien upon real estate owned by the defendant Jennie Caldwell, who is the wife of the defendant E. P. Caldwell. The work for which the lien is claimed consisted of the plumbing in a house which was being constructed under a contract with Mrs. Caldwell. The plumbing, however, was not included in the contract for building made by her. Her husband alone

contracted with the plaintiffs to put in the plumbing; but it was an issue in the case whether this was on his own account or whether he acted as agent for his wife. The testimony on the part of the plaintiffs went to show that during the progress of the work, and when it was about one-third done, Mrs. Caldwell was in the house and saw some of the plumbing work which had then been put in; that one of the plaintiffs conversed with her regarding payments, when she gave assurances that payment would be made as soon as the work should be done; and that subsequently she joined with her husband in a note and mortgage to be given to the plaintiffs for the amount then unpaid. The account for material and labor was charged to her by the plaintiffs. In her defence, Mrs. Caldwell denied having the alleged conversation with one of the plaintiffs, declared that she did not know that her husband had ordered the plumbing to be done, and that she knew nothing about it; that she had no knowledge that the plaintiffs did it, or that it was to be done, or that it was being done. In rebuttal, one Crum, a witness, testified on the part of the plaintiffs that, during the progress of the plumbing work, he saw Mrs. Caldwell in the house, and conversed with her about some of the work already put in, concerning which she made inquiries and remarks expressive of approval. Upon the motion of the defendant, this testimony was stricken out on the ground alone that it was immaterial and irrelevant, no objection being made to the order of the proof.

Apart from the evidence which was thus stricken out, the case would have justified the conclusion that this labor and material were furnished with the authority, knowledge, and consent of the wife; but the court found to the contrary. The evidence of the witness Crum was relevant and material. It went to show Mrs. Caldwell's knowledge that the work was being done while it was in progress, and that she consented to it. Our statute declares, with respect to labor or material which may be the subject of a lien, that, whenever the same is furnished "by or with the knowledge and consent of a married woman, who is the owner of the property benefited thereby, upon the order of her husband, such knowledge and consent shall be sufficient to establish that such husband acted therein as the

agent of the wife." Laws 1883, c. 43; Laws 1885, c. 46. Under this rule of evidence, this testimony should not have been stricken out or disregarded. For this reason the order refusing a new trial is reversed.